IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Mario Brown, #301990, ) | C/A NO. 2:10-1025-CMC-BHH |
| ) | |
| Plaintiff, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| ) | |
| Capt. NFN Miller; Capt. NFN Tinch; ) | |
| Lt. NFN Lasley; Officer NFN Sewell; ) | |
| Nurse NFN Ryan; Lt. Hunter, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court on Plaintiff's *pro se* complaint, filed in this court pursuant to 42 U.S.C. § 1983.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Bruce Howe Hendricks for pre-trial proceedings and a Report and Recommendation ("Report"). On February 17, 2011, the Magistrate Judge issued a Report recommending that this matter be dismissed with prejudice due to Plaintiff's failure to prosecute this action. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. On February 24, 2011, Plaintiff filed a motion for appointment of counsel, and on March 1, 2011, this court received Plaintiff's objections to the Report.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by

the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After reviewing the record of this matter, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's motion and objections, the court declines to adopt the Report of the Magistrate Judge. According to Plaintiff, during the time he was required to respond to Defendants' motion, he was housed in a psychiatric institution within the South Carolina Department of Corrections, and his legal material was not accessible to him.

Based on Plaintiff's representations to this court, Plaintiff shall have an additional thirty-four (34) days to respond to Defendants' motion for summary judgment. As to Plaintiff's motion for appointment of counsel, there is no constitutional right to have counsel appointed, and the court's discretion to appoint counsel in these types of cases is limited to cases which present extraordinary circumstances. Plaintiff's case is not one of these instances. Therefore, Plaintiff's motion for appointment of counsel is **denied**.

Plaintiff shall have thirty-four (34) days from the entry date of this Order to file a response to Defendants' previously-filed motion for summary judgment. Plaintiff is specifically advised that failure to file a timely response will result in the consideration of the merits of Defendants' motion for summary judgment by the undersigned without further notice to Plaintiff.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
March 7, 2011

C:\Documents and Settings\Guest\Local Settings\Temp\notesE1EF34\10-1025 Brown v. Miller decline adopt rr to dism failure to prosecute remand to USMJ.wpd